09-1408-ag
Luo v. Holder

BIA
A098 714 117

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

XIU FENG LUO,
> *Petitioner*,

     v.                      09-1408-ag
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:       Lee Ratner, New York, New York

FOR RESPONDENT:      Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiu Feng Luo, a native and citizen of the People's Republic of China, seeks review of a March 18, 2009, order of the BIA denying his motion to reopen. *In re Xiu Feng Luo*, No. A098 714 117 (B.I.A. Mar. 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)).

The BIA did not abuse its discretion by declining to accord evidentiary weight to the affidavits, photographs, and Village Committee letter Luo submitted with her motion to reopen. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 324 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the

agency).  As the BIA reasonably found, the affidavits contained similar (and similarly vague) language, and the photographs purportedly depicting Luo practicing Falun Gong appeared staged.  The BIA also reasonably found that the unauthenticated Village Committee Document contained vague and generalized language similar to that in the affidavits. Under these circumstances, the BIA did not abuse its discretion in denying Luo's motion to reopen because she failed to establish her *prima facie* eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-274 (2d Cir. 2006) ("[I]t would be ironic, indeed, if petitioners . . . who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities.  This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is

3

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk